**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 9, 2016

# In the Court of Appeals of Georgia

A16A0118. SPENCER v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Mellecia Spencer was convicted of driving under the influence of alcohol to the extent she was a less safe driver and possessing an open container of alcohol in the passenger area of her vehicle. She appeals, arguing that the trial court erred allowing the arresting officer to testify that Spencer's performance on the Horizontal Gaze Nystagmus ("HGN") test proved a specific numeric blood-alcohol content level. However, the officer did not give such testimony, and instead properly testified that generally an HGN test showing four out of six clues indicates impairment. Spencer also claims that the trial court erred in giving a burden-shifting jury charge on reasonable doubt, but we find no error as the court correctly gave the suggested pattern jury instruction on reasonable doubt. Accordingly, we affirm.

Construed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence showed that at approximately 2:00 a.m. on January 31, 2015, a police officer stopped Spencer for driving a car with a non-working headlight. Upon approaching the vehicle, the officer smelled the odor of alcohol, saw that Spencer was wearing a paper bracelet from a drinking establishment with the word "Budweiser" on it, saw a plastic cup with an apparent alcoholic drink in the car's center console, and observed that Spencer's speech was slurred. Spencer initially denied drinking any alcoholic beverages, but then admitted drinking a margarita. Spencer's performance on field sobriety tests, including the presence of four out of six clues on the HGN test, indicated impairment. Spencer refused to take a roadside breathalyzer test or the state-administered test for blood alcohol content.

The jury found Spencer guilty of the DUI and open container offenses, and the trial court denied her motion for a new trial. This appeal followed.

1. *HGN testimony.*

Spencer claims that the trial court erred in allowing the arresting officer to testify to a specific numeric value of her blood alcohol content based on the HGN test. Indeed, it is true that an "arresting officer's testimony identifying a specific

numeric blood alcohol content based solely on [a] defendant's HGN results should [be] excluded." *Scott v. State*, 332 Ga. App. 559, 567 (5) (774 SE2d 137) (2015). But the officer here did not give such testimony. Rather, he testified that in performing the test he looks for up to six clues in a subject's eyes, that observing four or more clues indicates impairment due to alcohol, and that "four out of six clues generally indicates a blood alcohol level equal to or greater than .08."

> [I]t is well settled in Georgia that the HGN test is an accepted, common procedure that has reached a state of verifiable certainty in the scientific community and is admissible as a basis upon which an officer can determine that a driver was impaired by alcohol. And we have previously concluded that field sobriety tests, including the HGN, are admissible to show that a detainee's [blood alcohol content] exceeds a particular impairing level.

*Bravo v. State*, 304 Ga. App. 243, 247-248 (1) (696 SE2d 79) (2010) (citations and punctuation omitted).

Here, the officer did not identify a specific numeric blood alcohol content level for Spencer based solely on her HGN results, and instead merely testified that generally, four out of six clues on the HGN shows that a blood alcohol content exceeds the impairing level of .08. As this court has previously recognized, "[u]nder law enforcement guidelines, a score of four out of six clues on an HGN test constitutes evidence of impairment." *Parker v. State*, 307 Ga. App. 61, 64 (2) (704

SE2d 438) (2010) (citation and punctuation omitted). Moreover, the officer's testimony in the instant case is similar to the testimony found to be admissible in *Kirkland v. State*, 253 Ga. App. 414 (559 SE2d 161) (2002), where an officer testified that "in general, when you see six out of six clues [on the HGN], the blood-alcohol content will be . . . 0.10 grams or greater." Id. at 416 (punctuation omitted). As in *Kirkland*, the trial court here did not err in allowing the officer's testimony since he did not identify a specific numeric blood alcohol content based on Spencer's HGN results, and instead properly testified that generally an HGN test showing four out of six clues indicates impairment.

2. *Jury charge.*

Spencer complains that the trial court erred in giving the pattern jury instruction on reasonable doubt instead of her requested charge on the subject. Without citation to any supporting legal authority, she claims that the pattern jury instruction is improperly burden-shifting and she requests that we make new law by overturning the pattern instruction. We decline the request.

"When a legal issue involves such well-established principles as the definition of reasonable doubt, there are few, if any, circumstances which would justify a trial court's failure to use the suggested pattern criminal charges compiled by the Council

4

of Superior Court Judges of Georgia." *Coleman v. State*, 271 Ga. 800, 805 (8) (523 SE2d 852) (1999). Spencer has shown no circumstance in this case that would have justified the trial court failing to follow the pattern charge on reasonable doubt, which "specifically has been approved by [this court]." *Anthony v. State*, ___ Ga. ___ (5) (Case No. S16A0059, decided April 4, 2016) (citations omitted). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Miller, P. J. and McMillian, J., concur.*